Michael J. McCue
Nevada Bar No. 6055
Jonathan W. Fountain
Nevada Bar No. 10351
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
E-mail: mmccue@lrrc.com
E-mail: jfountain@lrrc.com

John A. Clifford (admitted *pro hac vice*)
MERCHANT & GOULD
5635 N. Scottsdale Road, #170
Scottsdale, AZ  85250
Tel: 480-725-8806
E-mail: jclifford@merchantgould.com

Ian G. McFarland (admitted *pro hac vice*)
MERCHANT & GOULD
9717 Cogdill Road, Suite 101
Knoxville, TN 37932
Tel: 865-380-5960
E-mail: imcfarland@merchantgould.com

*Attorneys for Plaintiff Voss of Norway, A.S.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VOSS OF NORWAY, A.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> MICHELLE KING; an unknown entity, individual, or group of individuals doing business as NV HOTEL COMPANY and BOUTIQUE HOTELIERS, <br><br> Defendants. | Case No. 2:16-cv-01117-APG-PAL <br><br> **PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SERVE SUBPOENA AND PERMIT SERVICE BY OTHER MEANS** |

1

Plaintiff Voss of Norway, A.S.A. ("Plaintiff" or "Voss") hereby moves the court, *ex parte*, for entry of an order: (A) granting Plaintiff leave to serve a subpoena on Domains By Proxy, LLC ("Domains By Proxy") to identify the Unknown Defendants and obtain reliable email addresses for all Defendants; (B) permitting Plaintiff to serve Defendant King by email to the email addresses she is known to have used (*i.e.*, at nvhotelcompany@gmail.com and michelle@worldwidenv.com) and by email to any email addresses disclosed by Domains By Proxy in response to Plaintiff's subpoena; and (C) permitting Plaintiff to serve the Unknown Defendants by email to the email addresses disclosed by Domains By Proxy in response to Plaintiff's subpoena.

This motion is based on the following memorandum of points and authorities, the accompanying Declaration of Jonathan W. Fountain (the "Fountain Decl."), the pleadings and other papers on file in this case, and any oral argument the Court may require or allow.

### **PRELIMINARY STATEMENT AND BASIS FOR *EX PARTE* RELIEF**

Plaintiff is a Norwegian corporation whose principal place of business is located in Oslo, Norway. Plaintiff's principal business is the marketing and sale of artesian drinking water from Norway ("VOSS water") sold primarily in distinctive vessels and bottles. Plaintiff conducts business in the United States and is the owner of a number of U.S. trademark registrations for the VOSS and related trademarks.

Defendant King herself and/or in connection with the Unknown Defendants doing business as NV Hotel Company and/or Boutique Hoteliers (the "Unknown Defendants") has, without authorization from Plaintiff, willfully masqueraded as Plaintiff's agent for the purpose of deceiving potential investors into believing that they were negotiating to obtain licensed trademark rights in Plaintiff's VOSS Water brand for use in connection with luxury spa services, vitamins, and related goods and services. Further, the Defendants have sought to establish and/or operate a business under the name VOSS WATER SPAS seeking to improperly capitalize on the fame and reputation of Plaintiff in the field of water and water products, and has obtained one or more internet domain names and has hosted internet web pages that infringe the rights of Plaintiff in and to the VOSS name and trademark and create a

likelihood of confusion between Plaintiff and Defendants.

In connection with this scheme, Defendant King has used the following email addresses: nvhotelcompany@gmail.com and michelle@worldwidenv.com. In addition, Defendant King and/or the Unknown Defendants are believed to conduct business in connection with websites located at the following domains: www.worldwidenv.com, www.spahotelgroup.com, www.theboutiquegroup.info, www.fcukhotelsworldwide.info, www.nvwaterspa.com, www.vossprestige.co, and www.vosswaterspa.us. GoDaddy.com, LLC ("GoDaddy") is the registrar of each of these domains (the "Domains").

Domain name registrars like GoDaddy are required to maintain identifying data of domain name registrants, including the registrant's name, physical address, and email address. Plaintiff has attempted to identify the Unknown Defendants by looking up their registrant contact information in the WHOIS database of domain name registrants.[1] Defendant King and the Unknown Defendants, however, have used a privacy protection service provided by GoDaddy's affiliate, Domains By Proxy to hide their true identities, physical addresses, and email addresses from the public. Instead of the Unknown Defendants' actual names, physical addresses, and email addresses appearing in the WHOIS database, GoDaddy and Domains By Proxy have registered the domains but have inserted proxy contact information into the WHOIS database for Ms. King and the Unknown Defendants. For example, the WHOIS record for www.nvwaterspa.com identifies the registrant as "Registration Private," the registrant organization as "Domains By Proxy," the registrant street address as 14747 N. Northsight Blvd., Suite 111 PMB 309, Scottsdale, AZ, 85260 (the address of GoDaddy and Domains By Proxy), and the registrant email address as nvwaterspa.com@domainsbyproxy.com. Absent a subpoena to Domains By Proxy, Plaintiff has no way to determine the identities of the Unknown Defendants who have registered the domains being used to impersonate Plaintiff.

---

[1] *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1064 n.22 (9th Cir. 2009) ("WHOIS is a publically available online database through which users can access information regarding domains, including the registrant's name, address, phone number, and e-mail address").

Plaintiff filed the Complaint on May 18, 2016.  On June 15, 2016 and June 17, 2016, Plaintiff's process server went to the address Plaintiff had for Defendant King, 410 S. Rampart Blvd., Ste. 390, Las Vegas, Nevada 89145-5749, and attempted to serve the Summons and Complaint.  (*See* ECF No. 12, Clarke Decl.)  The business located at the address was Regus Suites (*id.*), a company that provides office space and office services for other businesses.  (Fountain Decl. ¶ 7.)  Defendant King was not found there.  (*See* Clarke Decl.)  Nor was any business named NV Hotel Company or Boutique Hoteliers.  (*Id*.)  Plaintiff's process server spoke with an employee of Regus Suites who disclosed that Boutique Hoteliers and Defendant King had been co-tenants of an office suite at that location approximately six months ago but were no longer doing business there.  (*Id*.)  Plaintiff knows of no other physical addresses for Defendant King or for any of the Unknown Defendants.  (Fountain Decl. ¶ 7.)

Accordingly, Plaintiff respectfully requests that the Court enter an order: (A) granting Plaintiff leave to serve a subpoena on Domains By Proxy seeking the registrant contact information for the Domains; (B) permitting Plaintiff to serve Defendant King by email to the email addresses she is known to have used (*i.e*., at nvhotelcompany@gmail.com and michelle@worldwidenv.com) and by email to any email addresses disclosed by Domains By Proxy in response to Plaintiff's subpoena; and (C) permitting Plaintiff to serve the Unknown Defendants by email to the email addresses disclosed by Domains By Proxy in response to Plaintiff's subpoena.

## **STATEMENT OF FACTS**

This is an action for trademark infringement, counterfeiting, false advertising, unfair competition, false designation of origin, false or misleading description or representation of fact, deceptive trade practices, and other related claims. Defendant has, without authorization from Plaintiff, willfully masqueraded as Plaintiff's agent for the purpose of deceiving potential investors into believing that they were negotiating to obtain licensed trademark rights in Plaintiff's VOSS Water brand for use in luxury spa services, vitamins, and related goods and services. (*See* ECF No. 1, Compl. ¶ 1.)  Further, Defendant has sought to establish and/or operate VOSS WATER SPAS seeking to improperly capitalize on the fame and reputation of

4

1  Plaintiff in the field of water and water products, and has obtained one or more internet domain
2  names and has hosted internet web pages that infringe the rights of Plaintiff in and to the VOSS
3  name and trademark and create a likelihood of confusion with Plaintiff.  (*Id.*)

4  Plaintiff Voss of Norway, A.S.A. ("Plaintiff") is a Norwegian corporation having its
5  principal place of business at Bygdoy alle 17, N-0262 Oslo, Norway.  Its principal business is
6  the marketing and sale of artesian drinking water from Norway ("VOSS water") sold primarily
7  in distinctive vessels and bottles.  (Compl. ¶ 2.)

8  On information and belief, Defendant Michelle King ("Defendant King") is an
9  individual residing and working in Las Vegas, Nevada. On information and belief, Defendant
10 King's business address is 410 S. Rampart Blvd., Ste. 390, Las Vegas, Nevada 89145-5749.
11 (Compl. ¶ 3.)  On information and belief, while engaging in the conduct complained of herein,
12 Defendant King uses or has used the telephone numbers (702) 997-1913 and (702) 606-8361,
13 as well as the following email addresses: nvhotelcompany@gmail.com and
14 michelle@worldwidenv.com.  (*Id.*)

15 On information and belief, the Unknown Entity, Individual, or Group of Individuals
16 doing business as NV Hotel Company and/or Boutique Hoteliers ("Unknown Defendants") are
17 persons, companies, or entities affiliated with Defendant King residing and doing business in
18 this judicial district and elsewhere under the names NV Hotel Company and/or Boutique
19 Hoteliers. (Compl. ¶ 4.)   On further information and belief, the Unknown Defendants do
20 business in connection with websites at the following domain names: www.worldwidenv.com,
21 www.spahotelgroup.com, www.theboutiquegroup.info, www.fcukhotelsworldwide.info,
22 www.nvwaterspa.com, www.vossprestige.co, and www.vosswaterspa.us. (*Id.*)

23 **PLAINTIFF'S VOSS BRAND AND TRADEMARKS**

24 Plaintiff is primarily in the business of producing and supplying bottled artesian
25 drinking water from Norway.  (Compl. ¶ 8.)  Plaintiff is the owner of a number of U.S.
26 trademark registrations, including but not limited to the following:

| Trademarks | Goods/Services | Serial / Reg. No. | Status/Status Date | Owner |
|---|---|---|---|---|
| VOSS | 32 – Drinking water | | REGISTERED – | VOSS OF |

| | | 78-507375 3,449,399 | June 17, 2008 | NORWAY ASA (NORWAY CORPORATION) |
|---|---|---|---|---|
| VOSS | 21 – Refillable beverage containers distributed empty, namely, glass or plastic bottles | 77-528188 3,717,456 | REGISTERED – December 1, 2009 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| VOSS | 18 & 25 – Beach bags; clothing, namely, hats, t-shirts and sweatshirts | 78-737806 3,304,033 | REGISTERED – October 2, 2007 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| VOSS ARTESIAN WATER FROM NORWAY | 32 – Drinking water | 78-553556 3,073,139 | REGISTERED – March 28, 2006 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| VOSS FOUNDATION | 36 – Charitable foundation services, namely, fund raising and financial support services to provide clean drinking water to needy families in African nations | 77-528337 3,678,547 | REGISTERED – September 8, 2009 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| VOSS WORLD | 35 & 43 – Arranging and conducting incentive reward programs to promote the sale and distribution of drinking water; Providing news and information via an Internet website in the field of drinking water, dining, hotels, and resorts | 85-402161 4,350,804 | REGISTERED – June 11, 2013 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| VOSS ARTESIAN WATER FROM NORWAY (and Design) | 32 - Drinking water | 77-190585 3,394,373 | REGISTERED - March 11, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |

| | | | | |
|---|---|---|---|---|
| VOSS ARTESIAN WATER FROM NORWAY SPARKLING (and Design) | 32 - Drinking water | 77-192175 3,394,377 | REGISTERED - March 11, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |

(*Id*. & Ex. A) ("the VOSS Trademarks").

Plaintiff has sold drinking water in a distinctive clear, cylindrical bottle configuration having a substantially uniform radius from the base of the bottle to the top of the cap with a cylindrical cap of the same general diameter in the United States since at least the year 2000 and continuously thereafter up to and including the present time. (Compl. ¶ 8.) This configuration is a unique configuration within the beverage market and within the market for beverage containers. (*Id*. & Ex. B.)

Unlike many bottled water producers, Plaintiff has sold its products through licensed alcoholic beverage distributors, and has made strong inroads in the hotel, restaurant, and the wine and alcoholic beverage retail markets. (Compl. ¶ 9.) Plaintiff created the market for selling bottled water in this way and in this channel of trade. (*Id*.) Plaintiff's products are often sold in the finest restaurants, lounges, clubs, spas, and hotels. (*Id*.) For instance, Plaintiff has partnered with and provided its products to some of the world's leading hotel brands, such as Waldorf Astoria, Four Seasons, Jumeirah, and The Ritz-Carlton, just to name a few. (*Id*.) Plaintiff is in the hydration business, offering products used by the public to enjoy a well hydrated lifestyle. (*Id*.) This business is closely related to all aspects of water consumption,

7

water treatments, water spas, hydro-therapy, skin hydration with cosmetics, and the like.  (*Id*.)  Plaintiff intends to expand its business into all aspects of personal hydration.  (*Id*.)

Plaintiff has expended a substantial amount of money and effort in advertising and promoting the VOSS Trademarks, its products, and its distinctive trade dress.  (Compl. ¶ 10.)  These activities include (but are not limited to: print and media advertising, event sponsorships, and product placements in television shows, movies, and celebrity events.  Plaintiff advertises in magazines that cater to high-end tastes, such as Wine Spectator, and other similar publications.  (*Id*.)  Plaintiff has also sponsored highly popular and nationally televised sporting events, such as the BMW PGA Championship.  (*Id*.)

Plaintiff also promotes its VOSS brand and products on the Internet via its websites, including [www.vosswater.com](www.vosswater.com), and on social media platforms, including Facebook (\vossworld), Twitter (@vosswater), and Instagram (@vossworld). (Compl. ¶ 11.)

Plaintiff's substantial promotion, advertising, publicity and public relations activities further promote and enhance the goodwill and brand recognition associated with Plaintiff's VOSS Trademarks.  (Compl. ¶ 12.)

As a result of the Plaintiff's extensive efforts to promote its products and brand, the VOSS Trademarks are well-recognized among consumers, members of the public, the beverage market, in the hospitality industry, with restaurants, hotel operators, and among suppliers, retailers, providers, and customers of bottled drinking water.  (Compl. ¶ 13.)  The VOSS Trademarks are inherently distinctive, have been protected with numerous trademark registrations, and have developed and possesses strong secondary meaning.  (*Id*.)  The same can be said for the packaging and overall trade dress of VOSS products.  (*Id*.)  Plaintiff's distinctive bottle shape and other VOSS Trademarks have been knocked off by third parties, and Plaintiff has had a robust policing and enforcement program to protect its brand and marks.  (*Id*.)  Numerous cease and desist letters and court proceedings have been undertaken by Plaintiff to protect the distinctive bottle shape and its other VOSS Trademarks. (*Id*.)  The VOSS brand, trade dress, and VOSS Trademarks are famous and are widely recognized by the general consuming public of the United States as a source identifier for Plaintiff's goods.  (*Id*.)

Plaintiff offers and provides its products in the United States, including in the State of Nevada and in this judicial district, under its VOSS Trademarks. (Compl. ¶ 14.)

Plaintiff's goodwill in the VOSS brand is further enhanced by its charitable outreach services provided under its VOSS FOUNDATION mark. (Compl. ¶ 15.) The VOSS Foundation is dedicated to providing access to clean water in Sub-Saharan Africa and raising awareness of the ongoing need for sanitation, hygiene, and community development in the region. (*Id*.)

Further still, Plaintiff's goodwill in the VOSS brand is also enhanced by its VOSS World community and the related news and educational services provided under the VOSS WORLD mark. (Compl. ¶ 16.) VOSS World is a global society comprised of chefs, celebrities, foodies, thought leaders, consumers, distributors, and complementary brands that have connections to and/or partner with the VOSS brand. (*Id*.) Under the VOSS WORLD mark, Plaintiff offers a variety of reward programs and provides news and information via its website in the field of drinking water, dining, hotels, and resorts. (*Id*.)

**THE DEFENDANTS' MISCONDUCT**

Beginning in 2014, Defendant King approached Plaintiff about the latter's interest in developing a VOSS branded luxury day spa and/or spa resort centered around its VOSS Water products. (Compl. ¶ 17.) Defendant King represented herself as the CEO of NV Hotel Company, d/b/a Boutique Hoteliers. (*Id*.) Defendant King further represented that she had numerous hotel clients in Las Vegas and elsewhere interested in licensing the rights to the VOSS brand for spa services and related products. (*Id*.) The parties continued to have preliminary discussions, predominantly through email, through the beginning of 2015. (*Id*.) Those discussions never advanced beyond the preliminary stage and at no point did Plaintiff authorize Defendant King to either act on its behalf in negotiating licensing rights to the VOSS brand or to use Plaintiff's VOSS Trademarks in promoting any concept, product, or service to third parties. (*Id*.)

Unbeknownst to Plaintiff, and on information and belief, Defendants registered the domain name www.vosswaterspa.us on or around May 6, 2014 without Plaintiff's

9

authorization. (Compl. ¶ 18 & Ex. C.)  As shown, the website advertises spa services under the VOSS mark and states that VOSS Water Spa locations are expected to open in Dubai, Sooke, and Las Vegas.  (*Id*.)

On or around February 3, 2015, Plaintiff's counsel sent a letter to the email address affiliated with www.vosswaterspa.us (info@vosswatersap.us), demanding that the unauthorized use of the VOSS mark cease immediately.  (Compl. ¶ 19.)  No response was received, but the infringing website content was removed.  (*Id*.)

During a telephone conversation between Defendant King and a representative of Plaintiff that occurred on or around February 6, 2015, Defendant King stated that she had registered the www.vosswaterspa.us domain name. (Compl. ¶ 20.)   By email message that same day, Plaintiff informed her that it was putting the project on hold.  (*Id*.)  She responded by acknowledging Plaintiff's decision and stated that she would offer her interested clients another spa brand.  (*Id*.)

On information and belief, Defendants registered the domain name www.nvwaterspa.com on or around February 8, 2015 without Plaintiff's authorization. (Compl. ¶ 21 & Ex. D.)  As shown, the website advertises spa services under the VOSS mark and states that VOSS Water Spa locations are expected to open in Dubai, Sooke, and Las Vegas.  (*Id*.)

Plaintiff's counsel sent Defendant King a letter on or around April 15, 2015, reiterating that Plaintiff had closed its negotiations with Defendants, requesting transfer of the www.vosswaterspa.us domain name, and further asking for written confirmation that her use of the VOSS Trademarks would permanently cease, as would her attempts to develop and/or open a spa under the VOSS mark or any spa regardless of its name that otherwise uses VOSS products. (Compl. ¶ 22.)

Notwithstanding Plaintiff's instructions to the contrary, and on information and belief, Defendants registered the domain name www.vossprestige.co on or around January 12, 2016 without Plaintiff's authorization. (Compl. ¶ 23 & Ex. E.)  As shown, the website advertises spa services under the VOSS mark and states that VOSS Water Spa locations are expected to open

10

in Dubai, Sooke, and Las Vegas. (*Id*.)

The vossprestige.co and vosswaterspa.us domain names fully incorporate Plaintiff's VOSS mark. (Compl. ¶ 24.) Defendant King had actual and constructive knowledge of Plaintiff's rights in its VOSS mark prior to registration of the domain names. (*Id*.) Defendants' use of the VOSS mark in its domain names affects interstate commerce and is in a manner that is likely to cause confusion, mistake, or deception among the public and is without Plaintiff's authorization. (*Id*.)

Unbeknownst to Plaintiff, and on information and belief, Defendants falsified a letter on Plaintiff's letterhead purportedly (but not actually) signed by Plaintiff's Chairman of the Board. (Compl. ¶ 25 & Ex. F.) The letter, created by Defendants, dated March 8, 2016 (the "March 8th Letter") was addressed to Defendant King and a private equity advisory firm, Triumspear International, Inc. ("Triumspear"), located in Canada. (*Id*.) It stated, purportedly on behalf of Plaintiff, that Triumspear "was authorized by Boutique Hoteliers (BH) to represent the licensing rights for the Voss Water Spa opportunity…. and potential vitamin brand opportunity." (*Id*.) It further stated that "Boutique Hoteliers are sole owners to the rights of the 'Voss Water Spa.'" (*Id*.) Accompanying the March 8th Letter was a VOSS Water Spa concept proposal, showing potential spa designs and offering specific financial information intended for potential investors, including the following "spa designer fees": (i) $250,000 for overall brand design and the Voss Water Spa concept, (ii) a $200,000 deposit to begin manufacturing a Voss spa product line, (iii) a $6.25 million deposit to begin rendering spa design services, and (iv) a $200,000 engagement fee. (*Id*.)

Plaintiff did not prepare the March 8th Letter or concept proposal, nor did Plaintiff authorize or request that Defendants or any other person or entity prepare those materials on Plaintiff's behalf. (Compl. ¶ 26.) Plaintiff has never authorized Defendants to represent its licensing rights. Plaintiff has never granted, conveyed, assigned, or transferred, either directly or indirectly, any licensing rights in its VOSS brand to Defendants. (*Id*.)

Plaintiff's Chairman of the Board did not sign the March 8th Letter or authorize any other person or entity to sign on his behalf. (Compl. ¶ 27.) On information and belief, the

1 signature was digitally pasted onto the document as an image. (*Id*.) Below the signature is an
2 email address associated with the domain name vossprestige.co. (*Id*.) Plaintiff's only
3 knowledge of that domain name is in connection with this complaint. (*Id*. & ¶ 21.)

4       On information and belief, Defendants forged the March 8th Letter to deceive
5 Triumspear and its clients into believing that Defendants were authorized to convey licensing
6 rights for the VOSS brand and Trademarks, despite Plaintiff having never provided that
7 authorization, and after Plaintiff affirmatively told Defendant King that it was ending the
8 parties' preliminary discussions about licensing the VOSS brand. (Compl. ¶ 28.) On further
9 information and belief, Defendants forged the March 8th Letter in an attempt to fraudulently
10 procure a monetary deposit of several million dollars from Triumspear and its clients. (*Id*.)

11       On information and belief, Defendants are perpetrating a fraudulent scheme for their
12 own commercial gain by disseminating one or more letters that intentionally counterfeit
13 Plaintiff's name and the VOSS Trademarks in order to mislead recipients into believing that: (i)
14 the communications were authorized by Plaintiff, and (ii) that Defendants possess legitimate
15 and transferrable licensing rights in the VOSS brand. Defendants thereafter request an initial
16 deposit for those licensing rights from recipients who are under the mistaken impression that
17 Defendants and their actions are endorsed, sponsored, or approved by, or associated or
18 affiliated with Plaintiff when the same is not true. (Compl. ¶ 29.)

19       On information and belief, Defendants have been coordinating and continue to obtain,
20 use, and operate the above-mentioned domain names – www.vosswaterspa.us,
21 www.nvwaterspa.com, and www.vossprestige.co – and possibly others, in furtherance of the
22 fraudulent scheme. (Compl. ¶ 30.) On further information and belief, the websites at those
23 domain names are designed to corroborate Defendants' misrepresentations about the ongoing
24 development of VOSS Water Spas, thereby enticing and inducing individuals and entities to
25 invest in the project through Defendants. (*Id*.) Defendants obtained and used those domain
26 names with a bad faith intent to profit from the VOSS mark incorporated in the
27 www.vosswaterspa.us and www.vossprestige.co domain names. (*Id*.)

28       On information and belief, Defendants have convinced at least one third party to invest

time and money in an enterprise based on the false, fraudulent, and untrue representations made by Defendants concerning their ability to license rights in the VOSS brand for a vitamin product to be sold in a replica VOSS bottle, that is not authorized by Plaintiff and where Defendants have no right to offer any such rights to any third party. (Compl. ¶ 31.) Only when the third party became suspicious and decided to check with Plaintiff to verify the authenticity of the arrangement it was making with the Defendants did the full extent of Defendants' unlawful conduct become known. (*Id*.)

Although this complaint focuses on the use of Plaintiff's VOSS brand and Trademarks by Defendants, Plaintiff has identified other websites – including but not limited to www.fcukhotelsworldwide.info – that are, on information and belief, affiliated with Defendants and use the tradenames and trademarks of other globally recognizable brands, sometimes claiming that Plaintiff and the other brands are part of a collective pool of Defendants' partners. (Compl. ¶ 32.) Some of those other brands are among Plaintiff's actual hotel partners, including The Ritz-Carlton and Four Seasons. (*Id*.) On further information and belief, Defendants have also claimed to represent the famous Dolce & Gabbana brand for similar illicit purposes, again without authorization. (*Id*.)

## **LEGAL STANDARDS**

### **A.     Expedited Discovery**

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). The requesting party must demonstrate good cause for earlier discovery. *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

### **B.     Alternative Service**

Rule 4 of the Federal Rules of Civil Procedure governs service upon an individual located in a foreign country. Rule 4(f) provides as follows:

> Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served

at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by **other means** not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).  (Emphasis added.)

Pursuant to Rule 4(f)(3), the Court may authorize **other means** of service. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (affirming the propriety of allowing service of process by regular mail and e-mail under Fed. R. Civ. P. 4(f)(3)).  The **other means** referenced in Rule 4(f)(3) must comport with constitutional notions of due process; namely, they must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Rule 4(f)(3)'s **other means** provision is an independent basis for service of process and is neither "extraordinary relief" nor a "last resort" to be used only when parties are unable to effectuate service under subsections (f)(1) or (f)(2).  *See Rio Properties, Inc.*, 284 F.3d at 1015-16 (a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief"). "By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id.*, at 1015

1  (citing *Forum Fin. Group, LLC v. Harvard College*, 199 F.R.D. 22, 23-24 (D. Me. 2001)
2  (permitting service of process upon a defendant located in Russia by sending the summons and
3  complaint by certified mail to the defendant's attorneys at the New York law firm of Skadden,
4  Arps, Slate, Meagher & Flom LLP)).

5  "[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited
6  by international agreement. No other limitations are evident from the text. In fact, as long as
7  court-directed and not prohibited by an international agreement, service of process ordered
8  under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country."
9  *Rio Properties, Inc.*, 284 F.3d at 1014 (citation omitted).

## ARGUMENT

### I. THE COURT SHOULD PERMIT PLAINTIFF TO SERVE A SUBPOENA ON DOMAINS BY PROXY TO IDENTIFY THE UNKNOWN DEFENDANTS AND TO OBTAIN CONTACT INFORMATION FOR DEFENDANT KING.

Good cause exists to permit Plaintiff to serve Domains By Proxy with a subpoena to determine the Unknown Defendants' identities and to obtain their contact information so that Plaintiff may serve the Defendants with the Summons and Complaint, including Defendant King. In *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir.1980), the Ninth Circuit stated that "situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."

That is precisely the situation here. Plaintiff and its counsel do not possess the Unknown Defendants' actual names, physical addresses, or their email addresses because the Unknown Defendants used a privacy protection service provided by Domains By Proxy when they registered the Domains. (*See* Fountain Decl. ¶¶ 4-6.) They presumably did so to hide their true identities, physical addresses, and email addresses from the public. (*Id*.) Instead of the Unknown Defendants' actual names, physical addresses, and email addresses, Domains By Proxy inserted "proxy" contact information in the WHOIS database to conceal Ms. King's and the Unknown Defendants' identities and contact information from being included in the

publicly available WHOIS database.  (*Id*.)  For example, the WHOIS record for www.nvwaterspa.com identifies the registrant as "Registration Private," the registrant organization as "Domains By Proxy," the registrant street address as 14747 N. Northsight Blvd., Suite 111 PMB 309, Scottsdale, AZ, 85260 (the address of Domains By Proxy), and the registrant email address as nvaterspa@domainsbyproxy.com. (*See id.* ¶ 5 & Ex. A.)  Because the Unknown Defendants' true identities and contact information is not listed in the WHOIS database, Plaintiff and its counsel have been unable to identify the Unknown Defendants or serve the Unknown Defendants with the Summons and Complaint.  (*Id*. ¶ 7.)

Privacy protection services like those offered by Domains By Proxy typically forward emails directed to the *proxy* email address found in the WHOIS database to the domain name registrant.  (*Id*. ¶ 6.)  However, if Plaintiff used the proxy email addresses to serve the Summons and Complaint, it would have no way of knowing whether the Unknown Defendants have received the documents and would have no way of identifying the Unknown Defendants unless the Unknown Defendants acknowledged receipt of the documents and identified themselves to Plaintiff.  (*Id*.)  This is something the Unknown Defendants are unlikely to do given that they chose to pay Domains By Proxy to conceal their identities and contact information in the first place by purchasing Domains By Proxy's privacy protection service.  (*Id*.)  Absent the issuance of a subpoena to Domains By Proxy, Plaintiff and its counsel will have no other reliable means of identifying the Unknown Defendants or obtaining their actual as opposed to their "proxy" contact information.  (*Id*. ¶ 7.)  A proposed subpoena is attached hereto as Exhibit A.

Accordingly, good cause exists for permitting Plaintiff to serve a subpoena upon Domains By Proxy in order to identify the Unknown Defendants and obtain their contact information.

II. **THE COURT SHOULD ENTER AN ORDER PERMITTING PLAINTIFF TO SERVE THE DEFENDANTS BY EMAIL TO THE EMAIL ADDRESSES RECEIVED FROM DOMAINS BY PROXY.**

King has used the nvhotelcompany@gmail.com and michelle@worldwidenv.com email addresses in connection with her scheme to impersonate Voss. (Compl. ¶ 3.)  The

Unknown Defendants do business in connection with websites at the following domain names: www.worldwidenv.com, www.spahotelgroup.com, www.theboutiquegroup.info, www.fcukhotelsworldwide.info, www.nvwaterspa.com, www.vossprestige.co, and www.vosswaterspa.us. (*Id.* ¶ 4.)

The Court should enter an order permitting Plaintiff to serve Defendant King by email to the email addresses she is known to have used (*i.e.*, nvhotelcompany@gmail.com and michelle@worldwidenv.com), and by email to any email addresses disclosed by Domains By Proxy in response to Plaintiff's subpoena. Similarly, the Court should permit Plaintiff to serve the Unknown Defendants by email to any email addresses disclosed by Domains By Proxy in response to Plaintiff's subpoena.

Service of a summons and complaint by e-mail is an effective method of service. *See Rio Properties, Inc.*, 284 F.3d at 1018. Indeed, courts have relied on Rule 4(f)(3) (and its predecessor, Rule 4(i)(1)(E)) in authorizing alternative methods of service including, *inter alia*, service by fax, e-mail, ordinary mail and publication. *Id.*, at 1016; *Absolute Swine Insemination Co., (H.K.) Ltd. v. Absolute Swine Insemination Co.*, *LLC*, No. 2:12-cv-00606-KJD-PAL, 2012 WL 3536788, at *3 (D. Nev. Aug. 14, 2012) (ordering service by international mail to defendant's residence in the Philippines); *accord Haffner Int'l Mktg. Group, Inc. v. Sahin*, No. 2:13-cv-0459-JCM-VCF, 2013 WL 5954379, at *2 (D. Nev. Nov. 5, 2013) (holding that service on a foreign defendant was proper because service through the Hague Convention on the Service of Judicial and Extrajudicial Documents Abroad was "expensive and protracted" and would result in undue delay).

When registering the Domains, the Defendants were **required** to provide their names, physical addresses and email addresses to GoDaddy – the domain name registrar – when they registered the Domains. GoDaddy's domain name registration agreement provides as follows:

> You agree that for each domain name registered by you, the following contact data is required: postal address, email address, telephone number, and if available, a facsimile number for the Registered Name Holder and, if different from the Registered Name Holder, the same contact information for, a technical contact, an administrative contact and a billing contact.

*See* GoDaddy Domain Name Registration Agreement ¶ 5, available at:

https://www.godaddy.com/agreements/showdoc.aspx?pageid=REG_SA (last accessed July 5, 2016).

In addition, the Defendants agreed to receive notices concerning the Domains by email to the email addresses they provided. The GoDaddy domain name registration agreement further states that: "You agree that your failure to comply completely with the terms and conditions of this Agreement and any GoDaddy rule or policy may be considered by GoDaddy to be a material breach of this Agreement and GoDaddy may provide you with notice of such breach either in writing or electronically (i.e. email)." *Id*. ¶ 8. Based upon the terms of the domain name registration agreement, GoDaddy is necessarily in possession of the Defendants' names, physical addresses, and email addresses, and could provide that information to Plaintiff if subpoenaed. Once GoDaddy provides the Defendants' identities and contact information, the Defendants may be served through the email address they provided to GoDaddy when they registered the Domains.

Also, due process concerns are satisfied because the Defendants provided their email address to GoDaddy and agreed to receive notices concerning the Domains by email. Confirmation of the email's delivery can be obtained by requesting a delivery receipt when the email is sent. If the email is undeliverable, the email will be returned with a notice that the email could not be delivered. Thus, service by email is reasonably calculated to apprise the Defendants of the pendency of this case and is reasonably calculated to afford the Defendants with an opportunity to appear and present their objections to this action. Moreover, service by email is immediate, receipt can be confirmed, and the email addresses the Defendants provided to GoDaddy are highly reliable because they were required by GoDaddy as the preferred and agreed upon means of communicating with the Defendants with respect to the Domains.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order: (A) granting Plaintiff leave to serve a subpoena on Domains By Proxy seeking the registrant contact information for the Domains; (B) permitting Plaintiff to serve Defendant King by email

to the email addresses she is known to have used (*i.e.*, at nvhotelcompany@gmail.com and michelle@worldwidenv.com) and by email to any email addresses disclosed by Domains By Proxy in response to Plaintiff's subpoena; and (C) permitting Plaintiff to serve the Unknown Defendants by email to the email addresses disclosed by Domains By Proxy in response to Plaintiff's subpoena.

Dated: this 11th day of July, 2016.

          LEWIS ROCA ROTHGERBER CHRISTIE LLP

          By: /s/ Jonathan W. Fountain
          Michael J. McCue
          Nevada Bar No. 6055
          Jonathan W. Fountain
          Nevada Bar No. 10351
          3993 Howard Hughes Pkwy, Suite 600
          Las Vegas, NV 89169-5996
          Tel: 702.949.8200
          E-mail: mmccue@lrrc.com
          E-mail: jfountain@lrrc.com

          MERCHANT & GOULD
          John A. Clifford (*pro hac vice pending*)
          5635 N. Scottsdale Road, #170
          Scottsdale, AZ  85250
          Tel: 480-725-8806
          E-mail: jclifford@merchantgould.com

          Ian G. McFarland (*pro hac vice pending*)
          9717 Cogdill Road, #101
          Knoxville, TN 37932
          Tel: 865-380-5990
          E-mail: imcfarland@merchantgould.com

          *Attorneys for Plaintiff Voss of Norway, A.S.A.*

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

DATED: _____