Michael J. McCue
Nevada Bar No. 6055
Jonathan W. Fountain
Nevada Bar No. 10351
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
E-mail: mmccue@lrrc.com
E-mail: jfountain@lrrc.com

John A. Clifford (admitted *pro hac vice*)
MERCHANT & GOULD P.C.
5635 N. Scottsdale Road, #170
Scottsdale, AZ 85250
Tel: 480-725-8806
E-mail: jclifford@merchantgould.com

Ian G. McFarland (admitted *pro hac vice*)
MERCHANT & GOULD P.C.
9717 Cogdill Road, Suite 101
Knoxville, TN 37932
Tel: 865-380-5960
E-mail: imcfarland@merchantgould.com

*Attorneys for Plaintiff Voss of Norway, A.S.A.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| VOSS OF NORWAY, A.S.A., | Case No. 2:16-cv-01117-APG-PAL |
| Plaintiff, | **DEFAULT JUDGMENT** |
| vs. | (ECF No. 23) |
| MICHELLE KING; an unknown entity, individual, or group of individuals doing business as NV HOTEL COMPANY and BOUTIQUE HOTELIERS, | |
| Defendants. | |

Defendants Michelle King, NV Hotel Company, and Boutique Hoteliers (collectively, "Defendants") have failed to plead or otherwise defend, and their default has been entered by the Clerk of the Court. ECF No. 22. Plaintiff Voss of Norway A.S.A. has moved for default judgment. ECF No. 23. The motion demonstrates good cause to grant it. Therefore, I hereby enter this final judgment by default in the plaintiff's favor and against the Defendants, jointly and severally.

100787227_1

IT IS HEREBY ORDERED that the plaintiff's Motion for Default Judgment **(ECF No. 23) is GRANTED**. Judgment is entered in Plaintiff's favor and against Defendants, jointly and severally, for:

(1)  willfully infringing Plaintiff's United States trademarks in violation of 15 U.S.C. § 1114, to wit:

| Trademarks | Reg. No. |
|---|---|
| VOSS | 3,449,399 |
| VOSS | 3,717,456 |
| VOSS | 3,304,033 |
| VOSS ARTESIAN WATER FROM NORWAY | 3,073,139 |
| VOSS FOUNDATION | 3,678,547 |
| VOSS WORLD | 4,350,804 |
| VOSS ARTESIAN WATER FROM NORWAY (and Design) | 3,394,373 |
| VOSS ARTESIAN WATER FROM NORWAY SPARKLING (and Design) | 3,394,377 |

(collectively, the "VOSS Trademarks");

(2)  willfully engaging in false advertising in violation of 15 U.S.C. § 1125(a)(1)(B), by making false representations of fact in commercial advertising and promotion concerning the

2

100787227_1

nature of Defendants' and Plaintiff's products, services, and commercial activities on websites and in related materials regarding purportedly forthcoming spas offering Plaintiff's products and spa services in a manner likely to cause confusion, mistake, and deception among the general public, potential investors, and others;

(3) willfully making false designations of origin and/or false or misleading representations of fact in violation of 15 U.S.C. § 1125(a)(1)(A), through the unauthorized use of Plaintiff's letterhead, name, and VOSS Trademarks, leading the public to falsely believe that Defendants' correspondence and marketing materials originated from, were associated with, or were affiliated with or were otherwise authorized, sponsored, or endorsed by Plaintiff when they were not;

(4) in bad faith registering the domain names <vosswaterspa.us> and <vossprestige.co> in violation of 15 U.S.C. § 1125(d);

(5) willfully infringing the VOSS Trademarks in violation of the common law of the State of Nevada; and

(6) engaging in deceptive trade practices in violation of Nev. Rev. Stat. § 598.0915, by knowingly making false representations as to Defendants' affiliation, connection, or association with Plaintiff by using Plaintiff's name, letterhead, and VOSS Trademarks without Plaintiff's consent.

**IT IS HEREBY FURTHER ORDERED** that Defendants and their respective officers, agents, servants, employees, attorneys, and persons who are in active concert or participation with them, are permanently enjoined and restrained from:

(1) using in commerce, including, without limitation on the <vosswaterspa.us>, <vossprestige.co>, <nvwaterspa.com> websites or on any other website, any of the VOSS Trademarks and any other mark, whether in word or design form, trade name, company name, letterhead, domain name, or designation that is not at least a safe distance away from, or is otherwise confusingly similar to Plaintiff's VOSS Trademarks, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(2) transmitting any correspondence to a third party purporting to discuss or offer the

opportunity to license any rights associated with or related to Plaintiff's VOSS brand;

(3) developing, opening, or operating: (a) any spa under the VOSS Trademarks or any other mark or name confusingly similar thereto or (b) any spa that uses Plaintiff's VOSS water products;

(4) committing any act calculated to cause the public or others to believe that Defendants' advertised or offered spa concepts, products, or services originate from, are associated or affiliated with, or are otherwise sponsored, approved, authorized, or endorsed by Plaintiff; and

(5) otherwise counterfeiting and infringing Plaintiff's name and VOSS Trademarks.

**IT IS HEREBY FURTHER ORDERED** that Defendants shall turn over to Plaintiff all records and documents concerning Plaintiff or its VOSS Trademarks or the VOSS Water Spa concept (as defined in the Complaint), the personal contact information for each recipient of any correspondence disseminated by Defendants on Plaintiff's letterhead or otherwise purporting to show Plaintiff's authorization for Defendants to offer licensing rights in Plaintiff's VOSS brand and/or VOSS Trademarks, and Defendants shall promptly thereafter destroy any and all copies of such records, documents, and information however maintained regardless of media.

**IT IS HEREBY FURTHER ORDERED** that, in accordance with 15 U.S.C. § 1116(a), Defendants shall file with this Court and serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of this Judgment, report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the permanent injunction set forth in this Judgment.

**IT IS HEREBY FURTHER ORDERED** that, pursuant to 15 U.S.C § 1125(d)(1)(C), the <vosswaterspa.us> and <vossprestige.co> domain names be cancelled or transferred to Plaintiff at Plaintiff's option. Plaintiff shall present this Judgment to the respective registrars of the <vosswaterspa.us> and <vossprestige.co> domain names. If the registrar fails or refuses to cancel the domain or transfer the registration to a registrar of Plaintiff's choice within ten (10) business days, Plaintiff shall then present this Judgment to Neustar, Inc., the registry for ".us" and ".co" domain names, who shall, within ten (10) business days, cancel the registration or

change the registrar of record for the domain name to a registrar of record of Plaintiff's choice.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff recover an award of actual damages in the amount of $1.00 pursuant to 15 U.S.C. § 1117(a), such amount to accrue post-judgment interest at the judgment rate from the date of entry of this Judgment until paid in full.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff recover statutory damages from Defendants in the amount of $200,000.00 pursuant to 15 U.S.C. § 1117(d), for Defendants' bad faith registration of <vosswaterspa.us> and <vossprestige.co>, such amount to accrue post-judgment interest at the judgment rate from the date of entry of this Judgment until paid in full.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff recover its reasonable attorneys' fees from the Defendants pursuant to 15 U.S.C. § 1117(a) and its reasonable costs from the Defendants pursuant to Fed. R. Civ. P. 54(d).

**IT IS HEREBY FURTHER ORDERED** that the Clerk of the Court shall enter judgment for Plaintiff and against Defendants and close this case.

_____
UNITED STATES DISTRICT JUDGE

DATED: 4/5/17

100787227_1